IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

               Plaintiff,

    v.

JEFFERY GILL, MATTHEW BURNS,
and ANTHONY MELI,

               Defendants.

OPINION & ORDER

15-cv-420-jdp[1]

---

Plaintiff James Grant is a state of Wisconsin prisoner currently housed at the Wisconsin Resource Center (WRC), which is located in Winnebago, Wisconsin. Plaintiff's ability to file lawsuits in the court is limited both by statue and by court sanctions. Plaintiff is restricted from obtaining *in forma pauperis* status because he has "struck out" under 28 U.S.C. § 1915(g). That provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In addition to the three-strikes bar, plaintiff has been sanctioned by this court for his numerous subsequent frivolous filings. The court initially sanctioned plaintiff for his repeated frivolous filings by directing the clerk of court to return unfiled plaintiff's filings in pending and future cases until he paid off the $10,343.79 he owes for the cases and appeals he

---

[1] Although I set forth only the caption of case no. 15-cv-420-jdp above, the clerk of court is directed to docket this opinion in each of the other nine cases discussed below.

previously filed. *Grant v. Dane County Jail*, Case No. 09-cv-727-slc, *5-6 (Jan. 5, 2010). This meant that plaintiff was restricted from filing *any* lawsuit (whether on an *in forma pauperis* basis or otherwise) until he paid off his debt, although plaintiff was still permitted to file habeas corpus petitions, complaints in which he alleged that he was in imminent danger of serious physical harm, or submissions in any criminal case in which he was a defendant. *Id*. The clerk of court was directed to retain an electronic copy of the documents plaintiff attempted to file. *Id*. at 5.

This sanction slowed plaintiff down for a couple of years, but he later resumed submitting documents to the court. The court responded as follows:

> Over the past month, [plaintiff] has sent the court several long, frivolous submissions that have been returned to him "unfiled," but, in accordance with the January 5, 2010 order, the clerk's office has expended valuable time creating electronic records of all of the submissions. It makes sense to amend the sanctions order against Grant to remove the provision directing the clerk of court to make electronic copies of his frivolous submissions. From now on, when Grant submits frivolous documents to the court, they will neither be returned to him nor electronically filed. Instead, they will be placed in a box in the clerk's office to be stored for no longer than one year, so that if Grant or anyone else has reason to review them, they will be available for that purpose. The clerk of court is not required to make an electronic copy of the document itself, but is to merely note in the electronic file that the document has been received.

*Grant v. Dane County Jail*, Case No. 09-cv-727-slc, *2 (Aug. 19, 2013).

More recently, the court extended its sanction to include claims of food poisoning that might usually be considered imminent danger-type claims:

> Additionally, plaintiff alleges that he is constantly being poisoned while he is in segregation, but does not provide any explanation of what this means. He names many prison officials as defendants but provides no explanation of who is trying to poison him. These allegations are similar to his allegations in a previous case, 13-cv-668-bbc, in which I gave plaintiff a chance

2

> to submit more detailed allegations explaining his claims. He failed to do so, but instead has regularly filed documents having nothing to do with imminent danger claims that have gone undocketed because of the sanctions against him. At this point, plaintiff is well aware that extremely vague or conclusory allegations will not suffice to state a claim in this court, and all his filings have served to do is waste court resources. I see no reason to provide him another chance to amend his complaint to explain his situation. Therefore, I will dismiss this case. . . .
>
> Moreover, I will extend plaintiff's filing bar to include the type of complaint that plaintiff has recently filed. His complaints will continue to be routed to chambers for review, and if they raise only the kinds of vague, conclusory claims that he has raised in his last two cases, they will be placed in a box in the office of the clerk of court for one year, to be destroyed at the end of that year.

*Maggle*, No. 14-cv-78-bbc, at *2-3 (W.D. Wis. Mar. 19, 2014).

In recent months, plaintiff has submitted a new wave of documents, many of which appear to be intended as new civil complaints because they discuss new series of events, name unique sets of defendants in their captions, and do not include the case numbers of plaintiff's previous cases.[2] Plaintiff titles some of these documents as "motions" even though the captions and actions described in them do not correspond to his other cases. Some of these documents include allegations that plaintiff is in imminent danger of serious physical harm. Most do not.

Even under plaintiff's current sanctions, clerk's office staff is required to forward these documents to me to determine how to process them under the terms of the sanctions. To the extent that the sanctions are in place to preserve judicial resources, this purpose is frustrated by plaintiff's frequent, ambiguous filings. I have directed the clerk to formally docket

---

[2] Plaintiff has two earlier filed, currently open cases that I will not address in this order. *See Grant v. Gill*, Case No. 14-cv-436-jdp; and *Grant v. Rusch*, Case No. 14-cv-756-jdp.

3

plaintiff's recent submissions that I consider to be complaints so that there is an electronic record of these documents. In this opinion, I will consider plaintiff's various allegations, decide which complaints should be dismissed, and amend the court's sanctions.

The court has opened the following cases based on plaintiff's complaint-styled submissions:

- 15-cv-00420-jdp: While housed at the Waupun Correctional Institution in 2014, plaintiff believes that his food was tampered with, and he vomited after eating a meal. He was also given a false conduct report for throwing an apple. As a result he was no longer allowed to receive meals on a tray and was forced to kneel in the back of his cell whenever items were brought to his cell.

- 15-cv-00444-jdp: While housed at the Sauk County jail in 2008, plaintiff received numerous conduct reports that he believes were unfounded, with the purpose of keeping him in segregation. Plaintiff had limited access to toiletries and writing materials. He was not given a "bed liner." One deputy spat in his food and another "maliciously and vindictively grabbed and squeezed [his] hand" while he was in the shower.

- 15-cv-00516-jdp: While plaintiff was housed at the Dodge Correctional Institution in late 2012 and early 2013, prison staff harassed him and poisoned his food. He was not allowed witnesses at a disciplinary hearing

- 15-cv-00522-jdp: While plaintiff was housed at the Stanley Correctional Institution in 2013, he was wrongfully disciplined for threatening a prison official and faced repeated acts of retaliation, including food poisoning.

- 15-cv-00572-jdp: Plaintiff alleges that he is being food poisoned at WRC, although he does not provide detailed allegations explaining how the defendants newly named in this lawsuit violated his rights (although given that most of them are identified as "chefs," I can assume that plaintiff believes they tampered with his food).

- 15-cv-00602-jdp: Plaintiff alleges that a prison official blocked plaintiff's outgoing mail regarding a 2013 federal habeas corpus

case and state criminal proceedings; plaintiff seeks criminal
charges against this official.

- 15-cv-00666-jdp: Plaintiff alleges that a Dane County Jail
  deputy used excessive force against him in 2008. The defendants
  named in the caption appear to be Dane County officials. But
  the remainder of the complaint discusses plaintiff's food
  poisoning.

- 15-cv-00667-jdp: Plaintiff alleges that he has been repeatedly
  food poisoned at WRC since July 2015.

- 15-cv-00710-jdp: Plaintiff seeks injunctive relief directing his
  psychiatrist at the Wisconsin Resource Center to place orders
  for him to be given toxicology tests.

- 15-cv-00739-jdp: Plaintiff seems to say that he was battered by
  a department store employee during a 2012 incident in which he
  was charged with retail theft. While plaintiff was being held at
  the Dane County Jail, he was placed on "lock down" status for
  24 hours for making the comment, "What?" to a deputy, who
  also read outgoing mail plaintiff attempted to send.

To reiterate what this court has stated in its previous sanction orders, plaintiff may

not bring complaints including claims for past harm unless he pays off the more than

$10,000 he owes for his previous cases and appeals. This means that the following cases must

be dismissed: the '444 case for harm in 2008 at the Sauk County Jail, the '602 case

concerning access to courts, and the '739 case concerning an altercation at a department

store and his treatment at the Dane County Jail.

In addition, plaintiff has filed several complaints alleging that he has been

intentionally food poisoned at various DOC facilities at which he has been housed. At least

some of these filings contain relatively more detail about the nature of the alleged efforts to

poison him than his previous complaints that resulted in sanctions being extended to cover

cases in which he brings vague allegations regarding food poisoning. But none of his

submissions suggest that the events taking place at each facility are connected to each other or orchestrated by state-level officials rather than individuals at each facility. Therefore, he does not state imminent danger claims in the following cases regarding facilities at which he is no longer housed: the '516 regarding the Dodge Correctional Institution; and the '522 case regarding the Stanley Correctional Institution.

In the '572 and '667 cases, Plaintiff alleges that his food is being poisoned at WRC. Plaintiff is currently housed at WRC, so those allegations could meet the imminent danger requirement. I will screen those allegations separately from this order. But it is unnecessary to have two separate cases open regarding his food at WRC, so I will direct the clerk of court to docket the complaint in the '667 case in the '572 case, and I will consider both documents in screening his allegations. The '667 case will be dismissed.

In the '666 case, plaintiff includes allegations about recent food poisoning, but all of the defendants named in his complaint appear to be officials at the Dane County Jail. I will dismiss this case because plaintiff may not bring imminent danger claims against Dane County Jail officials, and even to the extent that he may be trying to raise allegations about WRC staff, he does not name them as defendants. Moreover, there is no need to have another, redundant case open regarding food poisoning at WRC.

In the '710 case, plaintiff seeks injunctive relief directing his psychiatrist at WRC to place orders for him to be given toxicology tests that could show that plaintiff has been poisoned. But plaintiff does not allege that he has made these requests and that the psychiatrist has turned him down (nor is it clear that the psychiatrist is the proper person to be providing this type of medical order) and plaintiff does not bring any other allegations suggesting that the psychiatrist has violated his rights in any way. Because plaintiff does not

6

plausibly state any claim for relief against the defendant in the '710 case, I will dismiss the case rather than folding it into the '572 case.

Finally, in the '420 case, plaintiff brings food poisoning claims against staff at the Waupun Correctional Institution (WCI). Although plaintiff had already been transferred from WCI to WRC by the time he filed this complaint, as far as I am aware, transfers to WRC for mental health treatment are relatively short-term. Because it remains possible that plaintiff may soon be transferred back to WCI, I will not dismiss the case for failing to raise imminent danger claims. As with the '572 case, I will leave this case open and screen plaintiff's allegations in a separate order.

This leaves the question of how to treat plaintiff's filings moving forward. The current sanctions have not done much to preserve judicial resources. Whether or not plaintiff's filings are electronically docketed, the court must still examine each document to determine whether it is appropriately filed under the terms of the sanctions. In some ways, plaintiff's filings have become more unfocused, perhaps because he is no longer on the hook for any filing fees, even for a clearly frivolous complaint. I am also concerned that the lack of an electronic record obscures the decisions the court is making, particularly with regard to the disposition of proposed civil complaints.

Given the various different sanctions that have been placed on plaintiff, it is perhaps unrealistic to think that any reasonable sanction will stop plaintiff from submitting documents to this court. But there are some useful modifications that could be made to the existing sanctions to reduce the waste of judicial resources in poring over ambiguously titled and captioned documents, while also ensuring that an electronic record is made of the documents in which plaintiff complains that his constitutional rights are being violated.

I conclude that it is appropriate to modify the sanctions against plaintiff in the following ways:

- Plaintiff generally remains barred from proceeding with new cases in this court until he pays off the large debt he owes for filing fees for the cases and appeals he previously filed. That debt now includes the '420 and '572 cases that will remain open after this order. Plaintiff will not owe a filing fee for the eight cases I am dismissing under this order.

- Plaintiff's submissions will continue to be routed to chambers for review.

- The only case-initiating documents plaintiff may file are habeas corpus petitions and complaints in which he alleges that he is in imminent danger of serious physical harm. Plaintiff will need to caption such a submission properly. If plaintiff is attempting to file a new action, he must explicitly state in the caption of his submission that the document is a "complaint" or "habeas corpus petition," and it will have to be clear from the statements plaintiff makes in the body of the document that plaintiff is attempting to bring a brand new lawsuit.

- Any case-initiating document filed by plaintiff will be opened as a new case. Should that pleading not conform to the sanctions against plaintiff, the court will issue an order summarily dismissing that case for that reason.

- The court will no longer give a "free" review of plaintiff's proposed complaints. Plaintiff will now owe a filing fee for any new case that is dismissed under these sanctions, and that amount will be added to his debt. Plaintiff should not file a new civil complaint unless he is raising plausible allegations that he is in imminent danger of serious physical harm.

- Plaintiff may file motions and other papers in any of his currently open cases, although the court will only consider such filings that are genuinely related to the issues being litigated in each case.

- If plaintiff is filing a document in an open case, he must place that case number (and only that case number) in the caption. Plaintiff should also be sure that the captioned parties he lists in

8

his submission matches the parties that are already part of the lawsuit.

- Although he is not currently a defendant in any criminal case, plaintiff will be permitted to file submissions in any criminal case in which he is a defendant.

- Although the court reserves the right to take any action it deems necessary regarding any document filed by plaintiff, even if it does not strictly comply with these rules, I will direct the clerk of court to docket documents failing to meet the above standards into a miscellaneous case, with no further action to be taken on them by the court.

Under these revised sanctions, many of the documents filed by plaintiff considered in this order would have been placed in a miscellaneous case solely for records-keeping purposes rather than docketed in an active case. I urge plaintiff to think about what he is attempting to accomplish by submitting any particular document to this court. Is he attempting to ask the court to take a particular action in one of his current cases, or is he trying to bring a brand new lawsuit about a current problem he has with either his conditions of confinement or his sentence? If so, he must label his filing in a way that the court can understand what he is trying to do. If plaintiff means to serve some other goal by submitting a document, it is unlikely that the court will consider it.

ORDER

IT IS ORDERED that:

1. The following cases filed by plaintiff James Grant are DISMISSED: 15-cv-00444-jdp; 15-cv-00516-jdp; 15-cv-00522-jdp; 15-cv-00602-jdp; 15-cv-00666-jdp; 15-cv-00667-jdp; 15-cv-00710-jdp; and 15-cv-00739-jdp. Plaintiff will not owe a filing fee for these cases.

2. The clerk of court is directed to docket the complaint in the '667 case in the '572 case.

3.   Case nos. 15-cv-00420-jdp and 15-cv-572-jdp will remain open.

4. The court's sanctions against plaintiff are revised as discussed in the order above.

Entered January 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge