IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

                Plaintiff,

v.                                                  OPINION & ORDER

JEFFERY GILL, MATTHEW BURNS,                    15-cv-420-jdp
and ANTHONY MELI,

                Defendants.

---

      Plaintiff James Grant is a state of Wisconsin prisoner currently housed at the Wisconsin Resource Center (WRC), which is located in Winnebago, Wisconsin. Plaintiff has filed a complaint alleging that staff at the Waupun Correctional Institution tampered with his food when he was incarcerated there in 2014. He also alleges that he was given a retaliatory false conduct report, and as a result was no longer allowed to receive meals on a tray and was forced to kneel in the back of his cell whenever items were brought to his cell.

      Plaintiff has not submitted a filing fee for this lawsuit, so I construe his complaint as including a request for leave to proceed *in forma pauperis*. However plaintiff has been sanctioned by this court for filing numerous frivolous filings—he is generally barred from bringing any new lawsuits in this court, although he is allowed to bring claims that he is in imminent danger of serious physical harm. *See* Dkt. 5.

      Plaintiff's claims regarding a false conduct report and cell restrictions do not raise the concern that he is in imminent danger of serious physical harm, so plaintiff will not be allowed to proceed on those claims under the terms of this court's sanctions. Plaintiff could potentially proceed on food poisoning claims, but those allegations are too vague to support

claims at this point, so I will dismiss his complaint and give him a chance to submit an amended complaint that more clearly explains the basis for his claims.

ANALYSIS

A. Screening plaintiff's claims

In screening plaintiff's claims, the court must construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, I must dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

As stated above, I will disregard plaintiff's allegations about a retaliatory false conduct report and cell restrictions because plaintiff is barred from bringing those non-imminent-danger claims.

As for his food poisoning claim, plaintiff alleges that on April 15, 2014, he vomited after eating his meal. Dkt. 1, at 1. But he does not explain how he knows that he was knowingly food poisoned or how any of the named defendants were involved. Plaintiff has submitted several other documents that appear to be attempts at supplementing his complaint, but they do not tie the named defendants to the food poisoning either. *See* Dkt. 3, 4, & 6. Plaintiff does allege that prison staff members made harassing comments like "Enjoy your meal, Grant?"; "How do you feel?"; and "How was it?" that suggest that the staff members may have known that something was wrong with his meals. Dkt. 6, at 2. He also states that he often vomited after eating, *id.*, which also bolsters his claims that his food had been tampered with. But he does not explain whether the named defendants were the staff

2

members making these comments, or otherwise explain when (other than on April 15, 2014) or how often he was food poisoned.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). I conclude that plaintiff's complaint does not comply with Rule 8, so I will dismiss it. However, I will give plaintiff a chance to file an amended complaint in which he names as a defendant each jail or prison employee he wishes to sue and sets out his claims against each of the defendants in short and plain statements. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed each of those acts; and (4) what relief he wants the court to provide. In particular, he should explain why he thinks that each of the named defendants were involved in tampering with his food.

B. **Initial partial payment**

Even if plaintiff submits an amended complaint that successfully sets out his food poisoning claims, he will not be allowed to proceed *in forma pauperis* with those claims unless he makes an initial partial payment of the filing fee as required under 28 U.S.C. § 1915(b). The initial partial payment is calculated by using the method established in § 1915 by

figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement.

Plaintiff did not submit a trust fund account statement with his complaint in this case, but did submit a statement in case no. 15-cv-444-jdp. Using that statement, I calculate his initial partial payment to be $1.84. If plaintiff does not have the money in his regular account to make the initial partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay his entire filing fee from his release account. The only amount plaintiff must pay at this time is the initial partial payment. Plaintiff should show a copy of this order to prison officials to ensure that they are aware that they should send plaintiff's initial partial payment to this court.

C. Recruitment of counsel

Plaintiff has filed a motion for appointment of counsel, Dkt. 2. I do not have the authority to appoint counsel to represent a pro se plaintiff in this type of a case; I can only recruit counsel who may be willing to serve voluntarily in that capacity.

To show that it is appropriate for the court to recruit counsel, plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Plaintiff has submitted three such letters, so I conclude that plaintiff has satisfied this requirement.

4

Second, this court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). It is far too early to make that determination. Plaintiff has not yet been allowed to proceed on any claims, and there is no reason to think that he needs counsel to convey the story of his alleged food poisoning. I will deny plaintiff's motion without prejudice to him renewing it later in the case if it becomes clear that the case is too complex for him to litigate.

ORDER

IT IS ORDERED that:

1. Plaintiff James Grant's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until March 11, 2016, to file an amended complaint more fully explaining the basis for his claims that defendants food poisoned him. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case for plaintiff's failure to state a claim upon which relief may be granted.

2. Plaintiff is assessed $1.84 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in this amount on or before March 11, 2016. If plaintiff fails to make the initial partial payment by this deadline or show cause for his failure to do so, I will direct the clerk of court to close the case. Plaintiff is obligated to pay the remainder of the filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at plaintiff's institution of that institution's obligation to deduct payments until the filing fee has been paid in full.

3. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 2, is DENIED without prejudice.

Entered February 19, 2016.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge