IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD GRANT,

                Plaintiff,

  v.                                            ORDER

JEFFERY GILL, MATTHEW BURNS,                15-cv-420-jdp
and ANTHONY MELI,

                Defendants.

---

      Plaintiff James Edward Grant, a former state of Wisconsin inmate currently living in Madison, filed this lawsuit alleging that staff at the Waupun Correctional Institution tampered with his food when he was incarcerated there in 2014. I dismissed plaintiff's food poisoning allegations for failing to comply with Federal Rule of Civil Procedure 8 because he did not explain how he knows that he was intentionally food poisoned or how any of the named defendants were involved.[1] Dkt. 7. I gave plaintiff a chance to submit an amended complaint that more clearly explained his claims. I also instructed plaintiff to submit an initial partial payment of the filing fee for this action, as calculated by the court.

## A. Initial partial payment

      Using financial information submitted by plaintiff in another case, I calculated plaintiff's initial partial payment for this action to be $1.84. After I directed plaintiff to submit this amount or have the case dismissed, the court received $0.41. Supplemental trust fund account information submitted by plaintiff shows that this is the last $0.41 in his

---

[1] Plaintiff also alleged that prison staff retaliated against him by giving him a false conduct report and cell restrictions, but I disregarded those claims because plaintiff is barred from bringing civil claims in this court unless they involve him being placed in imminent danger of serious physical harm. *See* Dkt. 5.

release account, and he has no funds in his regular account. Dkt. 11-1. The account statement shows that the income plaintiff earned from his prison job was steered toward other debts, so it does not appear that plaintiff has intentionally wasted his funds to avoid paying the fee. I see no reason to dismiss the case for plaintiff's failure to pay the exact amount I set in my previous order given that he appears to have paid all that he has. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). I will proceed to screen his amended complaint.

B.  Screening plaintiff's amended complaint

In screening plaintiff's amended complaint, I must dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

Plaintiff has a history of filing lawsuits containing vague allegations about being food poisoned. After plaintiff filed two cases in which he conclusory alleged that he was being poisoned, the court sanctioned plaintiff:

> [P]laintiff alleges that he is constantly being poisoned while he is in segregation, but does not provide any explanation of what this means. He names many prison officials as defendants but provides no explanation of who is trying to poison him. These allegations are similar to his allegations in a previous case, 13-cv-668-bbc, in which I gave plaintiff a chance to submit more detailed allegations explaining his claims. He failed to do so, but instead has regularly filed documents having nothing to do with imminent danger claims that have gone undocketed because of the sanctions against him. At this point, plaintiff is well aware

> that extremely vague or conclusory allegations will not suffice to state a claim in this court, and all his filings have served to do is waste court resources. I see no reason to provide him another chance to amend his complaint to explain his situation. Therefore, I will dismiss this case. . . .
>
> Moreover, I will extend plaintiff's filing bar to include the type of complaint that plaintiff has recently filed. . . .

*Grant v. Maggle*, No. 14-cv-78-bbc, at *2-3 (W.D. Wis. Mar. 19, 2014). As I stated in a previous order, I allowed plaintiff to continue with the present case about food poisoning because "[a]t least some of [plaintiff's] filings contain relatively more detail about the nature of the alleged efforts to poison him than his previous complaints that resulted in sanctions being extended . . . ." Dkt. 5, at 5. Nonetheless, I dismissed plaintiff's original complaint in this action because he did not explain how he knows that he was intentionally food poisoned or how any of the named defendants were involved. Plaintiff's amended complaint does not fix these problems, so I conclude that the case should be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

    Plaintiff's amended complaint is a step backward from the original complaint. It contains less detail about the events that took place at the Waupun Correctional Institution, which is the focus of this lawsuit. Instead, plaintiff discusses his history of being food poisoned by dozens of staff members at several different Wisconsin Department of Corrections facilities, and even the Dane County Jail, which is not run by the DOC. As for his allegations about WCI, plaintiff lists more than 80 staff members and inmates who he says have food poisoned him. But plaintiff provides no detail about how these officials were involved. His new allegations do not comply with Rule 8. Instead, given the sheer number of people alleged to have been involved in these events at WCI and at other facilities around the state of Wisconsin, they border on the fantastical.

Plaintiff has continued to submit filings, Dkt. 10, 13, and 14, in which he discusses his claims and attaches documents, some of which relate to inmate grievances about the claims and others that have no bearing on the case. I cannot consider all of these additional filings as part of the complaint, and even if I did, they do not fix the problem with plaintiff's allegations: they do not tell a plausible, coherent story about how plaintiff knows that he is being food poisoned and who is responsible for it. Given plaintiff's history of bringing vague allegations of food poisoning that cannot support constitutional claims, I see no reason to allow plaintiff another chance to amend his complaint. I conclude that the case should be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff James Edward Grant's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered August 18, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge